UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN TOYEE,

                Plaintiff,                Civil Action No. 20-10542
                                                Honorable Mark A. Goldsmith
v.                                           Magistrate Judge David R. Grand

STERLING HEIGHTS POLICE DEPT.,

                Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (ECF No. 15) AND DIRECTING THE CLERK'S OFFICE TO ISSUE SUMMONSES FOR THE NEWLY ADDED DEFENDANTS

*Pro se* plaintiff John Toyee ("Toyee") brings this action pursuant to 42 U.S.C. § 1983, seeking money damages for alleged violations his Fourth, Fifth and Fourteenth Amendment rights against the Sterling Heights Police Department ("SHPD"). (ECF No. 1, PageID.4.)[1]

Toyee's case presents some unusual facts. Toyee has been a Probation Agent with the Michigan Department of Corrections for more than 20 years. He and a woman named Carnita Brown ("Brown") share joint custody of their child, J.T., who, on March 31, 2019, was 11 years old. Around that same time, J.T. was staying with Toyee, and Brown contacted the Sterling Heights Police Department ("SHPD") alleging that Toyee had assaulted J.T.

Toyee alleges that he spoke with police officers over the phone on the morning of April 1, 2019, and denied all accusations of wrongdoing. Toyee advised that J.T. was home asleep. Toyee alleges that a number of SHPD police officers went to his home, and improperly coerced J.T. to allow them inside. Moreover, Toyee alleges that it was then apparent to the officers that J.T. had not suffered any sort of abuse whatsoever, and that the report by Brown had been fabricated. Toyee

---

[1] The Court referred all pretrial matters to the undersigned on March 11, 2020. (ECF No. 5.)

alleges that SHPD police officers "intentionally altered" and falsified a police report regarding their entry into the home, who was present, how Brown was behaving, and other aspects of the events in question.

Toyee alleges that despite knowing there was no evidence that he had harmed J.T., officers gave the falsified police report to the prosecutors, with the result being that Toyee was criminally charged with domestic violence. Toyee turned himself in and was detained for a few hours. He complains about how the case was prosecuted, alleging that "*Brady*" material was not disclosed to him or his trial counsel. Toyee claims that a trial took place, and that the trial judge granted his motion for directed verdict and dismissed all charges against him.

Toyee then filed this lawsuit against the SHPD, asserting violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. He seeks recovery of the attorney fees he incurred in defending himself, and a modest amount for lost wages and alleged "pain and suffering." On July 1, 2020, the Court issued an Order to Show Cause (ECF No. 12), incorporated herein by reference, explaining numerous ways in which Toyee's complaint appeared to be fundamentally flawed. In short, the Court explained that the SHPD was not a proper defendant in a Section 1983 action ("As many courts have held, 'a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action.'") and that even construing his claims as being against the City of Sterling Heights, his claim was suspect because it failed to identify a policy, custom, or practice of the City that *caused* his constitutional injury ("the plaintiff must establish that the action that is alleged to be unconstitutional 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'"). (*Id.*)

On July 28, 2020, Toyee responded by filing a document entitled, "Motion for Leave to

Amend Complaint and Supplemental Complaint []." (ECF No. 16.) In this filing, Toyee did address some of the Court's concerns, though others persisted, and some new ones arose. (ECF No. 15.) In short, Toyee addressed the Court's concern about bringing a suit against the SHPD by naming seven individual Sterling Heights Police Officers as Defendants: Daniel Watt, Steven Rata, Matthew Virgadama, Joel Lopez, Sergeant Alex Buza, Captain Colleen Hopper, and Detective Todd Troszak (collectively, the "Defendant Officers"). However, he purports to bring claims against them in both their individual and official capacities. He also asserts that an alleged *Brady* violation during his underlying criminal case gives rise to a claim.

In response, SHPD (which is technically the only defendant at present), argued that two of the Defendant Officers (Captain Hopper and Detective Troszak) were not involved in the alleged unlawful entry into his home, and that the others' entry did not violate the law because J.T. gave them permission and because "exigent circumstances" existed. (ECF No. 16.) The Court held a hearing on Toyee's motion for leave to amend his complaint on October 21, 2020.

For the reasons stated on the record at the hearing on this matter and below, the Court **GRANTS IN PART AND DENIES IN PART** Toyee's motion for leave to amend his complaint **(ECF No. 15)**:

- Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its complaint by leave of the court, and the court should "freely give leave when justice so requires." Rule 15 sets forth a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). Leave to amend should only be denied where "the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (internal quotations omitted). An amendment is futile if it fails to state a claim upon which relief can be granted and would, thus, be subject to dismissal under Fed. R. Civ. P. 12(b)(6). *Harrison v. Burt*, No. 07-11412, 2008 U.S. Dist. LEXIS 66586, at *4 (E.D. Mich. Aug. 28, 2008). "Motions to amend should not be denied as futile when there are underlying, disputed issues of material fact because the court must

accept the movant's allegations as true." *Khoury v. Ford Motor Credit Co., LLC*, 2013 U.S. Dist. LEXIS 176612, at *16 (E.D. Mich. Dec. 17, 2013).

- The Court **DENIES** Toyee's motion as to his **official capacity claims** against Officers Daniel Watt, Steven Rata, Matthew Virgadama, Joel Lopez, Sergeant Alex Buza, Captain Colleen Hopper, and Detective Todd Troszak because they are futile. A claim against a police officer in his official capacity is tantamount to a claim against the municipality that employs him, and thus, the legal requirements for municipal liability described in the Court's Order to Show Cause[2] apply. *Bridgewater v. Harris*, No. 16-14112, 2019 WL 3289845, at *4 (E.D. Mich. July 22, 2019) ("Bridgewater sues a police officer and a fire captain in their official capacities. And that is the 'same thing as suing the municipality itself,' so Bridgewater must establish that a municipal policy played a part in his injury."). Here, Toyee still fails to identify any municipal policy that *caused* the alleged violation of his constitutional rights. Indeed, the very basis for some of Toyee's claims is that the Defendant Officers allegedly failed to follow various SHPD policies, not that any particular policy caused his alleged injuries.

- For these same reasons, Toyee's proposed amended complaint fails to state a claim for relief against SHPD and/or the City of Sterling Heights. Accordingly, to the extent Toyee seeks leave to amend his complaint against either SHPD or the City of Sterling Heights, his motion is **DENIED**.[3]

- The Court also **DENIES** Toyee's motion as to his claim under *Brady v. Maryland*, 373 U.S. 83 (1963). First, he does not allege that any of the Officer Defendants had anything to do with the alleged *Brady* violation. Second, Toyee has no Section 1983 cause of action under *Brady* because, given that the charges against him were dismissed, he suffered no prejudice as a result of the alleged violation. *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir.1988); *Johnson v. Scheidler*, 2007 U.S. Dist. LEXIS 27815, 2007 W.L. 1119876, *18 (E.D. Mich. 2007) ("a party cannot maintain a § 1983 due process claim under *Brady* if the party was never convicted").

- The Court **GRANTS** Toyee's motion insofar as he seeks to assert claims against the Officer Defendants in their **individual capacities** for alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights in connection with: (1) the entry onto his property and

---

[2] (ECF No. 15, PageID.126) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) ("the plaintiff must establish that the action that is alleged to be unconstitutional 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'"); *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) ("a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."); *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (noting that under *Monell*, a plaintiff asserting a § 1983 claim "must demonstrate that the alleged federal violation occurred because of a municipal policy or custom")).

[3] Because presently SHPD is a named defendant in this action, the Court will issue a separate Report and Recommendation to dismiss it.

into his home; the questioning and taking custody of J.T.; and (3) the drafting of the police report(s) and any related conduct of the Defendant Officers alleged by Toyee that impacted the ultimate decision to bring charges against him and/or the introduction of alleged false evidence against him at trial. While the Court recognizes that certain aspects of these claims could be more clearly articulated, as a *pro se* litigant, Toyee is entitled to a liberal reading of his complaint. *Haines v. Kerner*, 404 U.S. 519, (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Toyee has provided sufficient factual detail to enable the Officer Defendants to understand the claims he is asserting against them. Moreover, as the Court explained at the hearing, the arguments raised in SHPD's opposition brief were largely (and in some cases, exclusively) fact-based and do not constitute an appropriate basis for dismissing Toyee's claims at this juncture of the proceedings. Even the arguments that involve legal issues – such as whether a police officer can lawfully obtain consent from an 11-year old to enter a home – also involve factual questions, such as what, if anything, was said between the Defendant Officers and the child, what the officers' observations were at the time, whether anyone else was inside the home at the time, etc. Only through discovery can answers be obtained to those factual questions.

- Accordingly, the Court will accept Toyee's filing **(ECF No. 15)** as his amended complaint, and the Clerk's Office shall add **Daniel Watt**, **Steven Rata**, **Matthew Virgadama**, **Joel Lopez**, **Alex Buza**, **Colleen Hopper**, and **Todd Troszak** as defendants to this action and issue summonses in each of their names so that service of process may be accomplished.

**IT IS SO ORDERED.**

Dated: October 22, 2020  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. § 636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 22, 2020.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager