UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN TOYEE,

                Plaintiff,          Civil Action No. 20-10542
                                           Honorable Mark A. Goldsmith
v.                                         Magistrate Judge David R. Grand

STERLING HEIGHTS POLICE DEPT. *et al.*,

                Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (ECF No. 22), AND DIRECTING THE CLERK'S OFFICE TO AMEND THE CASE CAPTION AND ISSUE SUMMONSES FOR JEFFREY BUZA AND JACOB LOPEZ**

Pursuant to Plaintiff John Toyee's Amended Complaint (ECF No. 15), Toyee brings this action pursuant to 42 U.S.C. § 1983, seeking money damages for alleged violations of his Fourth, Fifth and Fourteenth Amendment rights against various Sterling Heights Police Department ("SHPD") police officers. (ECF No. 15.) Before the Court is Toyee's Motion for Leave to Amend Complaint to correct the name of two of the defendant officers. (ECF No. 15.) Defendants did not file a response. (ECF No. 16.) The Court referred all pretrial matters to the undersigned on March 11, 2020. (ECF No. 5.). For the reasons below, the Court **GRANTS** Toyee's motion.

**Background**

In its October 22, 2020 Order, the Court discussed this case's "unusual facts" (ECF No. 19), and that discussion is incorporated herein by reference. For purposes of the instant motion, it suffices to say that the Court granted Toyee permission to amend his complaint to include claims against multiple police officers, including two he identified as "Joel Lopez" and "Alex Buza." (*Id.*, PageID.208.)

Toyee has since learned that defendant Buza's first name is actually Jeffrey, and that

defendant Lopez's first name is actually Jacob.  (ECF No. 22.)  Toyee now moves to amend his complaint to correct the names of those two defendants.  (*Id.*)

**Standard of Review**

Fed. R. Civ. P. 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  However, courts should deny a motion to amend "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party or would be futile."  *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing cases).  "The decision as to whether justice requires the amendment is committed to the district court's sound discretion." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).  "Abuse of discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent."  *Id*.  "A proposed amendment is futile where it would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim."  *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015).

**Analysis**

Toyee's motion is not brought in bad faith or for dilatory purposes.  (ECF No. 22.)  He is simply correcting the first names of defendants Buza and Lopez.  (*Id.*)  The amendment is not futile and will not result in undue delay or prejudice to defendants.

**Conclusion**

For the reasons stated above, the Court **GRANTS** Toyee's Motion for Leave to Amend the Complaint **(ECF No. 22)**.  The Clerk of Court shall amend the case caption to reflect the correct first names for defendants Buza (Jeffrey) and Lopez (Jacob), and shall issue new summonses for those two defendants using their correct names.

IT IS SO ORDERED.

Dated: December 1, 2020  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. § 636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 1, 2020.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager